D. Ormonde Ritchie, J.
This was the trial of an action in which plaintiff seeks a declaratory judgment declaring invalid a zoning ordinance enacted by defendant municipality. It is the contention of the plaintiff that the ordinance is unconstitutional insofar as it affects property owned by plaintiff, a copy of a survey of which is annexed to the complaint.
The subject property is an irregularly shaped parcel comprising approximately 21 acres and is located in major portion easterly of Deer Park Avenue in the southerly part of defendant township. The property was purchased by plaintiff in 1953 at a cost of $32,500. On the date of purchase the property was situated in a zoning district designated residence “ E ” by virtue of a zoning ordinance adopted by defendant municipality in 1932. The minimum square footage area of residential building plots in a residence “ E ” district is 5,000 square feet. In 1933 a development map of a tract which included plaintiff’s *980 property was filed with and approved by the planning board of defendant town. The building plots as set forth on that map approximated 10,000 square feet each. In 1954 by an amendment to the building zone ordinance the plaintiff’s property among other parcels was upzoned to a residence “ B ” district. The minimum area required for residential plots in a residence “ B ” district is not less than one acre or 43,560 square feet. By the amendment the minimum area of residential plots was increased over eight times the prior minimum requirement.
Plaintiff established by the testimony of an expert witness that her property is not reasonably adapted to subdivision into plots of not less than one acre. Further credible evidence established that the restrictions imposed by the upzoning precluded plaintiff from realizing a fair return on her investment. This evidence was not seriously challenged by defendant’s proof. Bather, the defendant justified the amendment as consistent with a general plan to reduce density in housing and population and to guard against the fire hazard attendant upon closely built residences in a wooded area subject to frequent forest fires and not serviced by municipal water.
The court recognizes that duly enacted ordinances carry a strong presumption of validity. To overcome that presumption a party seeking an adjudication of invalidity is burdened with more than establishing invalidity by a preponderance of credible evidence. Becently the Court of Appeals in Wiggins v. Town of Somers (4 N Y 2d 215) fixed the burden of one claiming unconstitutionality of an otherwise validly enacted ordinance to establish unconstitutionality beyond a reasonable doubt.
The court herein is of the opinion that plaintiff has successfully assumed that burden. Zoning ordinances, the effect of which is confiscatory to an extent that they deprive an owner of an adaptable and reasonable use of his property are unconstitutional as a taking without due process of law. Confiscation may be justified where it bears substantial relation to public health, welfare and safety, and restriction in use is justified where it conforms to the general character of the neighborhood in which the property is located, such a measure being necessary to preserve values and investments of others in the same locality. But here the court finds no such justification to preserve validity of the ordinance. Conversely, the evidence established that the immediate neighborhood in which plaintiff’s property is located is one devoted to housing of a substantially lower cost than that required of plots not less than one acre in dimension.
Judgment is granted in favor of plaintiff. The ordinance insofar as it attempts to restrict the use of plaintiff’s property *981 to residential building plots of not less than one acre in area is declared invalid and the defendant is restrained and enjoined from enacting an amendment to its building zone ordinance that will locate plaintiff’s property in a district higher than the district designated as residence <£ C ” therein. Defendant’s objection to the introduction of testimony concerning entry into a contract for the sale of the subject property and the purchase price therein specified is sustained and all testimony relative therein is stricken. All other objections not otherwise disposed of implicitly in this memorandum are denied.
This memorandum constitutes the decision of this court consistent with the provisions of section 440 of the Civil Practice Act. No findings of fact or conclusions of law are to be submitted. No costs are allowed.